UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| KEVIN C. WILLIAMS, | |
|---|---|
| Petitioner, | |
| v. | Case No. 25-CV-1056-JPS |
| EASTERN DISTRICT OF FEDERAL COURT, | **ORDER** |
| Respondent. | |

On July 21, 2025, Petitioner Kevin C. Williams filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On July 30, 2025, Magistrate Judge Nancy Joseph issued a recommendation to this Court that this action be dismissed. ECF No. 4. The recommendation noted that Petitioner was clearly not a state prisoner challenging his judgment of conviction and that his allegations relate to his prior bankruptcy proceedings that resolved years ago. *Id.* On August 8, 2025, Petitioner filed an objection to Judge Josesph's recommendation. ECF No. 5.

The Court has considered the recommendation and, in light of its agreement with Magistrate Judge Joseph's analysis, will adopt the recommendation with the clarification that the case will be dismissed with prejudice. Petitioner's objection offers no explanation as to why Judge Joseph's recommendation was incorrect. *See id.* Instead, the objection merely reiterates the fact that Petitioner is indeed raising issues related to prior bankruptcy proceedings. *Id.* The Court is therefore satisfied that the petition plainly shows Petitioner is not entitled to habeas relief. As such, the Court adopts Judge Josepsh's recommendation and will dismiss this action.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate whether Petitioner is entitled to relief. As a consequence, the Court is compelled to deny a certificate of appealability as to the petition.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Nancy Joseph's report and recommendation, ECF No. 4, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 27th day of August, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.